UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PRIVATE LENDERS GROUP, INC.,      )
                                  )
            Plaintiff,            )
                                  )
            v.                    )      NO.  3:13-0159
                                  )      Judge Sharp/Brown
DOES 1-29,                        )
                                  )
            Defendants.           )

**O R D E R**

Presently pending are two motions in this matter. Docket Entry No. 5 is a motion to continue the initial case management conference. This motion is **DENIED** as moot. The record shows that this motion was filed at 4:38 p.m. on April 15, 2013, some six hours after the scheduled hearing and after the Magistrate Judge's show cause order. Filing a motion to continue a hearing after it has been missed is locking the barn door after the horse is gone and a waste of time.

Next is a motion for leave to take discovery (Docket Entry No. 9) which has now been refiled in accordance with the Court's EM/ECF rules as Docket Entry No. 11. This motion is **GRANTED** and the Magistrate Judge will enter a separate order concerning this matter.

Finally, the plaintiff has responded to the Court's show cause order as to why plaintiff's counsel failed to show up for a scheduled case management conference.

Plaintiff has filed a three-page response to this order, most of which is totally unnecessary. Counsel should certainly be aware that the Magistrate Judge read their complaint in preparing for the hearing and does not need any additional explanation of its content. This is an complaint against Does 1-29 and the plaintiff will have to take discovery in order to identify the potential defendants.

What the Magistrate Judge does not understand is since the plaintiffs had as of February 27, 2013, the detailed declaration of Darren M. Griffin, why they sat on their hands doing nothing until after the scheduled case management conference. The motion, which the Magistrate Judge has now granted, should have been filed with that affidavit at the end of February. Plaintiff has offered no explanation whatsoever why it wanted over six weeks to request a continuance of the case management conference and permission to serve Rule 45 subpoenas prior to a Rule 16 conference. The plaintiff apparently is filing a number of these lawsuits and should have the procedure well in hand by now.

Plaintiff's counsel would be well advised to follow the first rule of holes. When you find yourself in a hole--quit digging. In his explanation, counsel states that he has a number of similar cases to this one filed with different judges in the Middle District. He states that the process leading up to the

initial case management conferences have been different and the Court and counsel in each case have communicated and postponed the case management conference pending the result of subpoenas issued to the internet service providers ("ISP").

This statement caused the Magistrate Judge to look at the fourteen other cases filed by this counsel in this matter. All of the orders setting initial case management conference require the plaintiff to take action at a minimum of three days prior to the scheduled hearing if they do not have service of process.

More troubling, however, is the statement that the plaintiff in each case has communicated and postponed the conference pending the result of the subpoenas issued in the ISPs. In reviewing the case of <u>Voltage Pictures v. Does 1-74</u> 3:13-cv-136 (Docket Entry No. 7) on April 8, 2013, plaintiff's counsel failed to file a proposed initial case management order and failed to appear at the scheduled hearing before Magistrate Judge Bryant. Judge Bryant warned him about this conduct

Counsel who failed to appear at another of his cases a week before he failed to appear in this case would have been well advised to have simply stated that he made an error in this case and not dug himself further into a hole with statements which lead the Magistrate Judge to check the record and find out that he was a repeat offender.

While the Magistrate Judge will not recommend dismissal in

this matter, a sanction of $250.00 is imposed for failing to comply with the Court's order.

The initial case management conference is **RESET** for **Monday, June 24, 2013, at 1:30 p.m.**

It is so **ORDERED**.

s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge